**GUGLIELMO & ASSOCIATES**
Roberta Ohlinger
Nevada Bar #10946
3376 S Eastern Avenue Ste 188-A
Las Vegas NV 89169
(702)889-6009
(702) 731-4816 facsimile
nv@guglielmolaw.com
Attorney for Defendants Guglielmo & Associates

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Erick Acacio Gurule & Darci Gurule ) | |
| ) | Case No.: 2:201-cv-02020-KJD-LRL |
| Plaintiff, ) | |
| vs. ) | |
| ) | MOTION TO DISMISS CLAIM I, |
| Guglielmo & Associates ) | VIOLATION OF FAIR DEBT |
| And ) | COLLECTIONS PRACTICES ACT. |
| Discover Bank ) | |
| Defendant(s). ) | |

COMES NOW, Defendant Guglielmo and Associates, by and through undersigned counsel hereby moves the Court to dismiss the Plaintiff's First Claim for Relief for Failure to State a Claim upon which relief may be granted, and also for Lack of Subject Matter Jurisdiction pursuant to FRCP 12(b). This Motion is based upon the following points and authorities.

I. MOTION TO DISMISS CLAIM I

PURSUANT TO FRCP 12(B) - FAILURE TO STATE A CLAIM

<u>Standard of Review</u>

For the purpose of deciding a Rule 12(b)(5) motion to dismiss, the Court considers all well-pled allegations as true. <u>Buzz Stew, LLC v. City of N. Las Vegas, 181 P.3d 670 (Nev., 2008)</u>. The Court will consider the facts alleged in the complaint to be true and determine whether the complaint, construed in a light most favorable to the plaintiff, sufficiently sets forth a

valid claim. "This court will recognize all factual allegations in [Plaintiff's] complaint as true and draw all inferences in its favor. [Plaintiff's] complaint should be dismissed only if it appears beyond a doubt that it could prove no set of facts, which, if true, would entitle it to relief." Id., at 672. In other words, when reviewing a 12(b)(5) Motion, the Court must ask itself the following question: assuming everything in the Plaintiff's Complaint is true, have they stated a case upon which relief can be granted? In this case, the answer must be No. The FDCPA verification requirement cannot be read to include a 25 point demand letter usurping the role of the Federal Reserve Bank sent after the expiration of the 30 day verification period. Therefore, the Plaintiffs fail to state a claim upon which relief may be granted under the Fair Debt Collection Practices Act, 15 USC 1692, and Plaintiff moves to have Claim I, VIOLATION OF THE FAIR DEBT COLLECTIONS PRACTICES ACT.

## Legal Analysis of Plaintiff's FDCPA Claim

The theory of Defendant's claim is that Defendant Guglielmo & Associates violated the Section 1692(g) of the Fair Debt Collections Practices Act by filing suit in Las Vegas Justice Court. The logic of the Plaintiffs goes as follows: by disputing the debt, Discover Bank by and through Counsel were obligated to cease collections activities either *in toto* or until and unless they complied with the laundry list of requirements set forth in their letter of June 21, 2010, Plaintiffs' Exhibit C.

The intent of the Fair Debt Collection Practices Act, 15 USC 1692 (henceforth FDCPA), is to protect consumers from abusive, deceptive, and unfair debt collection tactics - not to enable a debtor to avoid a debt justly due. 15 USC 1692, Congressional Findings of Fact and Purpose, *Azar v. Hayter*, 874 F.Supp. 1314 (N.D. Fla. 1995). The FDCPA incorporates a 30 day dispute period which allows the debtor to dispute a debt. 15 USC 1692g. In the event that a debtor

disputes the debt during that period, the debt collector must cease collection activities until verification is provided to the debtor. *Id.* The Courts have consistently held that verification requires only that the debt collector confirm, in writing, the amount demanded is what the creditor is claiming is owed; the debt collector is not required to keep detailed files of the alleged debt. *Chaudry v. Gallerizzo*, 174 F. #d 394, 406, (C.A. 4 1999); adopted in the Ninth Circuit in *Clark v. Capital Collection & Credit Serv.* 460 F.3d 1162 (C.A. 9 2006).

### Factual Analysis of Defendant's FDCPA Claim

An analysis of the facts set forth in Plaintiff's complaint shows that the Plaintiffs have failed to state a claim upon which relief may be granted. Guglielmo & Associates sent the initial attorney letter on May 5, 2010. *Plaintiff's Exhibit A*. Guglielmo & Associates then filed suit on June 17, 2010 greater than 30 days from the notification. The Dunning Letter was sent to the correct address, according to the Gurules, but they only check it every two weeks. *See Summons, also Plaintiff's Exhibit C*. The Gurules did not dispute the debt until June 21, 2010, greater than 30 days from the notification and after the date of filing suit. Taking the Plaintiffs allegations as true, the Plaintiffs claim must fail as a matter of law both because of their math and their own doing.

Even then, Guglielmo & Associates sent verification to the Defendants on June 28, 2010. The Defendants state that "Plaintiffs as of to date has never received any <u>sufficient proof/validation</u> of the alleged debt from the Defendants Guglielmo & Associates"(*sic*, emphasis added, Allegation 20). They refer to the laundry list demanded in Plaintiff's Exhibit C, including their own required that the answers be authenticated or certified. *See Plaintiff's allegation 38.* Nowhere are these requirements found in statute or the common law. FDCPA 1692 g, *Chaudry* as adopted in *Clark*, discussed *supra*. Rather, the Plaintiffs acknowledge in their Complaint that

they have received a copy of both the credit application and the billing statements. *Allegation 36.* These documents are legally sufficient under state law to substantively prove liability and damages and a Motion for Summary Judgment is pending in state court based upon these very documents. *See NRS Chapter 97A.160, Actions to collect on a credit card debt by an issuer.*

Under the FDCPA, if a dispute were sent within the 30 day period, collection activities must cease <u>only until the debt collector obtains verification of the debt</u>, as discussed *supra*, emphasis added. Allegation 41. Filing suit is a legal activity to adjudicate a debt and this case becomes a *de facto* appeal, in violation of the Rooker Feldman doctrine, discussed *infra*.

II.  MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION – ROOKER FELDMAN DOCTRINE AND RES JUDICATA

The Plaintiff's claim is also barred by Rooker-Feldman Doctrine. The doctrine bars actions in federal court if the claim has been previously litigated in state court or if the claim is inextricably intertwined with a pending state action. See <u>Rooker v. Fidelity Trust Co, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923);</u> *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 483-84 n.16 (1983). Here, both independent prongs of the Rooker-Feldman doctrine apply, and necessitate dismissal of this action with prejudice. Accordingly, in the state court action, the Plaintiff made these same allegations under the FDCPA against Guglielmo & Associates. The state court made a conclusive finding that a violation of the FDCPA had not occurred, and there is still pending claims against the Plaintiff in the state court action which are inextricably intertwined with subject matter of this action. (See Exhibit 1, Order Dismissing Counterclaim) As such, this matter must be dismissed under the Rooker-Feldman Doctrine.

The claims against the Defendant Guglielmo & Associates are also barred under the legal principals of issue preclusion. "Disposition of the federal action, once the state-court adjudication is complete, would be governed by preclusion law. Under 28 U. S. C. § 1738, federal courts must 'give the same preclusive effect to a state-court judgment as another court of that State would give.' *Parsons Steel, Inc.* v. *First Alabama Bank*, 474 U. S. 518, 523. Preclusion is not a jurisdictional matter. See Fed. Rule Civ. Proc. 8(c)." *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U. S. 280 (2005). Here, the state court having dismissed the claims by the Plaintiff against the Defendant Guglielmo & Associates in that action, this Court is required to honor that ruling with preclusive effect. (Exhibit 1, Order Dismissing Counterclaim.) As such, the Plaintiff's claim is also barred due to issue preclusion.

Defendant Guglielmo & Associates therefore respectfully requests that the Defendant's Claim I be dismissed pursuant to Rule 12, and that Defendant Guglielmo & Associates be dismissed from the lawsuit.

DATED 12/14/2010.

GUGLIELMO & ASSOCIATES

_____
Original Signature

Roberta Ohlinger
Nevada Bar #10946
3376 S Eastern Avenue Ste 188-A
Las Vegas NV 89169
(702)889-6009
Attorney for Plaintiff

# EXHIBIT 1

# ORDER DISMISSING COUNTERCLAIM

---

# EXHIBIT 1

# ORDER DISMISSING COUNTERCLAIM

Summary of Pleading - 1

```
ORDR
GUGLIELMO & ASSOCIATES
Roberta Ohlinger
Nevada Bar #10946
3376 S Eastern Avenue Ste 188-A
Las Vegas NV 89169
(702)889-6009
Attorney for Plaintiff
```

2010 NOV 15 P 4: 00

Justice Court, Las Vegas Township
Clark County, Nevada

| | |
|---|---|
| Discover Bank | ) |
| | ) Case No.: 10C-020068 |
| Plaintiff, | ) Dept No.: 4 |
| vs. | ) |
| | ) ORDER DISMISSING COUNTERCLAIM |
| Erick Acacio Gurule & Darci Gurule | ) |
| | ) |
| Defendant(s). | ) |

Plaintiff's Motion to Dismiss Counterclaim and Motion to Amend Complaint having come before the Court for hearing on October 26, 2010 with Plaintiff appearing through Counsel and the Defendants Erick Acacio Gurule and Darci Gurule appearing in proper person, the Court finds as follows:

The Defendants have failed to state a claim for FDCPA violations against Discover Bank as Discover Bank is the original creditor and is not subject to the FDCPA. Any allegations against Counsel of Record for Discover Bank are irrelevant to this action. Furthermore, the Defendants have failed to allege any misconduct by Discover Bank which would subject it to liability for fraud, and have furthermore failed to plead fraud with particularity pursuant to JCRCP 9(b). Defendant's counterclaim with causes of action I & II is therefore dismissed pursuant to JCRCP 12(b)(5).

It is hereby ORDERED, the Defendant's Counterclaim is DISMISSED.

It is further ORDERED, ADJUDGED, and DECREED, the Plaintiff's pleadings are hereby AMENDED nunc pro tunc reflecting Darci Gurule as Jane Doe Gurule and the Parties are granted to leave to conduct DISCOVERY in the form of ten requests for admissions, ten

RECEIVED

NOV 1 7 2010

BY: NV

1  interrogatories, and ten requests for production of documents. No depositions are allowed at this
2  time.
3
           DATED this _____ day of _____NOV 15 2010_____, 2010.
4
5
                                                    _____MELISSA SARAGOSA_____
6                                                   MELISSA SARAGOSA
                                                    JUSTICE OF THE PEACE
7  Submitted by:
8  GUGLIELMO & ASSOCIATES
9
10 _____
   Original Signature
11
   /s/ R. Ohlinger
12
13 Roberta Ohlinger
14 Nevada Bar #10946
   3376 S Eastern Avenue Ste 188-A
15 Las Vegas NV 89169
   (702)889-6009
16 Attorney for Plaintiff