1  Erick & Darci Gurule
   PO BOX 97551
2  Las Vegas, NV 89193
   702-334-1329
3  Pro Se Plaintiff

                          2011 JAN 10  P 1: 38

              UNITED STATES DISTRICT COURT
4             FOR THE DISTRICT OF NEVADA

5  Erick Acacio Gurule& Darci Gurule          )
6                                             )
                                              )
7                       Plaintiffs,           )
                                              )   Case No:2:201-CV-02020-KJD-LRL
8            vs.                              )
                                              )
9  Guglielmo & Associates                     )
   And                                        )
10  Discover Bank                             )
                                              )
11                      Defendants.           )

---

13              **OPPOSITION TO DEFENDANTS MOTION TO DISMISS**

14                          **Brief in opposition**

15        Defendants Guglielmo and Associates motion to dismiss for failure to state a claim upon

16  which relief can be granted is fatally defective as all competent jurists know and understand: In

17  consideration of 12(b)(6) motion to dismiss: (1). The Court must take as true the well-pleaded

18  factual allegations of the plaintiff and draw all reasonable inferences in their favor, (2). Federal

19  Rules of Civil Procedure requires only that a claimant plead a short and plain statement of the

    claim showing that the pleader is entitled to relief, and (3). Plaintiff is not required to set out in
20
    detail the facts upon which he bases his claim.
21
          1.        In USC 15 809 (a) (3) of the FDCPA it states, a statement that unless the
22
    consumer, within thirty days after RECEIPT of the notice, disputes the validity of the
23
    debt, or any portion thereof, the debt will be assumed to be valid by the collector.
24
    Plaintiff does not know the exact day the Defendant sent the letter.  Plaintiff does know
25
    as stated in the Affidavit he checks his PO BOX every two weeks at the beginning of the

                                              1

1   month and mid month. Plaintiff had not received the dunning letter by mid month of

2   may, but when he checked the PO BOX at the beginning of June he had received the

3   letter.  The federal law states upon receipt of the notice making plaintiff well in his 30

4   day dispute period.

5        2.        15USC 1692g(a) mandates in no uncertain terms that the debtor has a

6   thirty days to dispute the validity of the debt. Defendant was obligated under the

7   FDCPA not to infringe upon this thirty-day debt validation period, as Defendants duty,

8   as a debt collector under the FDCPA, to obtain a court date outside of the 30 day

9   validation period so as not to undercut Plaintiffs verification rights. Defendants

10  "overshadowed, undermined, and truncated" the FDCPA-required thirty day debt

11  validation period when filing in state court on June 17, 2010. Defendant violated the

12  FDCPA by implying the Plaintiff did not have thirty days to dispute the debt. *Johnson*

13  *v. Revenue Mgmt Corp.,* 169 F. 3d 1058. (7th Cir 1999).

14       3.        Defendants violated 15 USC  overshadowing  15USC 1692g(a) by

15  confusing the Plaintiffs about their verification rights.  FDCPA obligates the collector to

16  refrain from confusing the debtor by undercutting the required notice or implying a

17  different obligation." *Johnson v. Revenue Mgmt. Corp.,* 169 F. 3d 1057, 1058 (7th Cir.

18  1999). For example an unelaborated demand that the debt be paid in "full" as did the

19  defendants dunning letter would violate the FDCPA by implying that the debtor does not

20  have thirty days to dispute the validity of the debt.

21       4.        Defendants violated 15 USC 1692g continuous collection activity by

22  filing in court on June 17, 2010, without sending plaintiff verification of the alleged

23  debt, to date plaintiff has not sent verification to the defendant as they claim on June 28,

24  2010. The only documentation the defendants received was a credit application and the

25  billing statements which were exhibits on a motion to dismiss filed in State court.

1       5.    Defendants violated 15 USC 1692g (b) (d) communication as a formal

2   pleading in a civil action shall not be treated as an initial communication, as did the

3   Defendants when mailing the Defendants there verification of the debt through the State

4   court pleadings.

5       Defendants have violated 15 USC 1692 f (1) 808 Unfair practices, which states:

6           A debt collector may not use unfair or unconscionable means to
        collect or attempt to collect any debt. Without limiting the general
7           application of the foregoing, the following conduct is a violation of
        this section:

8

9       1.  (1) The collection of any amount (including any interest, fee,
        charge, or expense incidental to the principal obligation) unless
        such amount is expressly authorized by the agreement creating the
10          debt or permitted by law.

11      The Defendants are claiming that the Plaintiffs owe interest at a rate

12  which is higher than the rate allowed by the agreement. Therefore the

13  Defendants are in violation of this section.

14

15      6.    The Rooker Feldman doctorine / res judicata do not apply. This court has

16  subject matter jurisdiction to consider this claim. Although this claim tenders for review

17  of the state court judgment, this court is noticed: the state court judgment is void See

18  Exhibit XX. There are exceptions to the Rocker /Feldman doctrine when the state court

19  judgment was procured through fraud, deception, accident or mistake. *Sun Valley Foods*

20  *Co. v. Detroit Marine Terminals*, Inc. 801 F.2d 186, 189([6th] Cir 1985). Rooker /Feldman

21  will not apply when the party had no reasonable opportunity to raise his federal claim in

22  state proceedings, *Wood v. Orange County*, 715 F.2d 1543, 1547 (1[th] Cir. 1983), cert.

23  Denied, 467 U.S. 1210, 104 S. Ct. 2398, 81 L.Ed. 2d 355 (1984). If the state court did

24  not have subject Matter jurisdiction over the prior action, its orders would be void ab

25  initio and subject to attack notwithstanding *Rooker/Feldman, James v. Draper* (In re.

3

1  Lake), 202 B.R. 754, 758 (B.A.P $^{9th}$ Cir. 1996).  A state Court judgment is subject to

2  collateral attack if the state court lacked jurisdiction over the subject matter or the

3  parties, or the judgment was procured through extrinsic fraud.  Exception to the

4  Rocker/Feldman rule comes into play when the state proceedings are considered a legal

5  nullity, and thus, are void ab initio. See *Kalb V. Fuerstein*, 308 U.S. 433, 438-40 (1940).

6  Where specific federal statue (such as 18 USC 1964 (a)) specifically authorizes review,

7  the Rocker/Feldman doctrine is inapplicable.  See *Plyer v. Love*, 129 F. 3d 728, 732 ($^{4th}$

8  Cir 1997), *Young v. Murphy*, 90 F 3d 1225, 1230 ($^{7th}$ Cir 1992), and In re: *Gruntz*, 202

9  F.3d 1074, 1079 ($^{9th}$ Cir 2000). For res Judicata to be binding several factors must be

10  met:  The identity of the parties in each action must be identical; and the judgment must

11  be final.  The judgment in the state action is not final due to the fact that there is a

12  pending a motion to vacate for subject matter jurisdiction and Due process violations

13  and there is a pending motion for summary judgment.  Therefore, the Rooker/ Feldman

14  Doctrine and Res Judicata fails as a matter of law.

15     7.     Plaintiffs are not barred under the principals of issue preclusion.  All of

16  the elements of issue preclusion must exist for it to take effect.  The issues must be

17  identical to the first action and a resolution of the issues is essential.

18     The issues in the Federal matter are different than the issues in the State matter.

19  The federal case sites violations of FDCPA, 15 U.S.C. §§ 1692-1692p, a federal statute.

20  Therefore, issue preclusion does not apply.  There is no final judgment in the state

21  action, because there is a pending motion to vacate and a pending motion for summary

22  judgment.  The concepts of final judgment and finality of judgment must be

23  distinguished.  A final judgment ends the proceeding in which it is entered and leaves

24  nothing further to be done regarding the rights of the parties. In re *Marriage of Salby*,

25  2005 Colo. App. LEXIS 1616 (Colo. App 2005).  In contrast, finality of judgment, for

1  | purposes of issue preclusion, means the judgment resolving the issue must be
2  | "sufficiently firm" in the sense that it was not tentative, the parties had opportunity to be
3  | heard, and there was an opportunity for review." Rantz v. Kaufman, 109 P.3d 132, 138
4  | (colo. 2005).  See Exhibit A motion to vacate. If plaintiff is awarded judgment and
5  | defendants appeal, in which they will thus, a judgment could be final for purposes of
6  | appeal, but finality of judgment would be lacking if the appeal is not decided. Baker v.
7  | Leary, 70 Nev. 152, 261 P.2d 1013 (Nev., 1953). Pronouncing a judgment final as
8  | Plaintiff is claiming while it is still pending in state court or on appeal would negate the
9  | requirement of finality of judgment.  And the party has not had a full and fair
10 | opportunity to litigate the issues in state court, exhibit A and summary judgment still
11 | pending the case. The initial proceeding was so inadequate and so narrow in focus as
12 | depriving the Plaintiffs of their due process rights and the remedies and procedures in
13 | the earlier proceedings are not equal with those in the subsequent proceeding. Baker,
14 | supra.  The defendants in the state proceeding did not have the same incentive to
15 | vigorously defend itself in the previous action.
16 |        Since the elements of issue preclusion have not been met, Defendants motion to
17 | dismiss must be denied.
18 |
19 |
20 |                                    **CONCLUSION**
21 |
22 | Determination by this court that Guglielmo & Associates motion to dismiss tenders for
23 | the court's consideration of matter which are not of-record without evidentiary support
24 | requires *sua sponte* denial of the motion to dismiss. Whereas this court has actual
25 | knowledge that the personal jurisdiction challenge by counsel for Discover Bank is

1  appropriated for a state court action and not a federal question. The issues in the Federal

2  case pertain to the violation of a Federal Statute, which is not under the jurisdiction of

3  the State court.   Therefore, the Plaintiffs are not barred by issue preclusion or Res

4  Judicata as the issues in this Federal case are not the same as the issues in the State case.

5  Therefore, the motion to dismiss should be denied.

6  Dated this ___7___ day of January, 2011.

7

8  Prepared and submitted by: _____

9                                      Erick Gurule

10

11                                     Darci Gurule

12

13                          **Certificate of service**

14  I, Erick Gurule, certify that on January ___10___, 2011, I mailed a true and correct copy of the

15  above and foregoing brief in opposition to motion to dismiss:

16                                      _____

17                                            Erick Gurule

18  Guglielmo & Associates, Roberta Ohlinger

    3376 S Eastern Ave Ste 188-A.

19  Las Vegas, NV 89169.

20

21  Discover Bank

22  502 E Market St.

23  Greenwood, DE 19950

24

25

6