# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ERICK ACACIO GURULE, et al.,

    Plaintiffs,

v.

GUGLIELMO & ASSOCIATES, et al.,

    Defendants.

Case No. 2:10-CV-02029-KJD-GWF

**ORDER**

Currently before the Court is Defendant Guglielmo and Associates' Motion to Dismiss (#7). Plaintiff filed a Response in Opposition (#9) to which Defendant filed a Reply (#10).

**I. Background**

Plaintiffs filed the present complaint on November 19, 2010. Plaintiffs' first claim alleges violations of the Fair Debt Collection Practices Act ("FDCPA") against Defendant Guglielmo and Associates ("Defendant"). Defendant seeks to dismiss Claim I for failure to state a claim and lack of subject matter jurisdiction. On or about May 5, 2010, Defendant sent to Plaintiffs' post office box a debt collection notice attempting to collect an alleged debt. In pertinent part, the letter stated:

> Unless, within thirty days after receipt of this notice, you dispute the validity of the debt or any portion thereof, we will assume the debt to be valid. If, within thirty days of your receipt of this notice, you notify us in writing that the debt or any portion thereof is disputed, we will obtain a verification of the debt or, a copy of the judgment against you, and we will mail you to you a copy of such verification or judgment. (Pls.' Compl., Exh. 1.)

Plaintiffs received Defendant's collection notice on or about June 1, 2010. Forty-five days after the letter was sent, but only seventeen days after it was received, Plaintiffs responded to Defendant's collection notice with a notice of dispute on June 21, 2010. Meanwhile, Defendant filed a complaint against Plaintiffs in a state court on June 17, 2010. After having received Plaintiffs' notice of dispute, Defendant continued the litigation on July 13, 2010 by serving Plaintiffs with a summons and complaint for the state court action. Plaintiffs aver that Defendant has not validated the alleged debt as required by the FDCPA and accordingly, the continued action in the state court violated the FDCPA. Plaintiffs seek compensatory and punitive damages and a cease-and-desist order from further collection activities.

**II. Standard of Law for Motion to Dismiss**

Pursuant to Fed. R. Civ. P. 12(b)(6), a court may dismiss a Plaintiff's complaint for "failure to state a claim upon which relief can be granted." A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)). "Factual allegations must be enough to rise above the speculative level." Twombly, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." Iqbal, 129 S. Ct. at 1949 (internal citation omitted).

In Iqbal, the Supreme Court recently clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the Court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. Id. at 1950. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. Id. at 1949. Second, the Court must consider whether the factual allegations in the complaint allege a plausible claim for relief. Id. at 1950. A claim is facially

2

plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. Iqbal, 129 S. Ct. at 1949. Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." Id. (internal quotation marks omitted). When the claims in a complaint have not crossed the line from conceivable to plausible, plaintiff's complaint must be dismissed. Twombly, 550 U.S. at 570.

**III. Analysis**

The Court must liberally construe the pleadings of *pro se* parties. See United States v. Eatinger, 902 F.2d 1383, 1385 (9th Cir. 1990).

**A. Failure to State a Claim**

Under the FDCPA, a debt collector is required to send the consumer a written notice containing:

> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector (and) (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector. 15 U.S.C. § 1692g (a).

The FDCPA further stipulates that:

> if the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or any copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. § 1692g (b).

Plaintiffs plead that their notice of dispute was proper because it was in writing and sent within thirty days after receipt of the notice. Plaintiffs allege that Defendant violated the FDCPA by failing to cease collection of the debt after receiving notice of dispute.

Defendant argues that Plaintiffs failed to state a claim because Plaintiffs' request for validation of the debt was not timely. Defendant claims that since the initial collection notice was mailed on May 5, 2010, the thirty-day period commenced on that date, therefore making Plaintiffs'

3

written response on June 21, 2010 untimely. Defendant is mistaken in this regard. It is well established that "when the statute's language is plain, the sole function of the courts is to enforce it according to its terms." Lamie v. U.S. Tr., 124 S. Ct. 1023 (2004). The plain language of the statute and language of Defendant's own collection notice clearly indicate that the thirty-day response period commences "after receipt of the notice." 15 U.S.C. § 1692g (a)(3); see also Jacobson v. Healthcare Fin. Services, Inc., 516 F.3d 85, 92-93 (2nd Cir. 2008)(finding that "even the least sophisticated consumer would understand that the thirty-day period began only when the notice was received"). According to Plaintiffs, receipt of Defendant's letter occurred on June 1, 2010 and Plaintiffs' notice of dispute was sent on June 21, 2010, well within the thirty-day period. Liberally construing Plaintiffs' pleadings, the Court finds that Plaintiffs have sufficiently pleaded that Defendant violated the FDCPA by failing to cease debt collection after receiving Plaintiffs' notice of dispute. For this reason, the Court need not analyze Plaintiffs' remaining FDCPA claims for purposes of dismissal.

### B. Subject Matter Jurisdiction

Defendant also attempts to argue that Plaintiffs' claim should be dismissed for lack of subject matter jurisdiction, specifically under the doctrines of Rooker-Feldman and res judicata.

#### 1. Rooker-Feldman Doctrine

Under the Rooker-Feldman doctrine, it is well-established that a United States District Court does not have authority to review the final determinations of a state court. See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 416 (1923); Worldwide Church of God v. McNair, 805 F.2d 888, 890 (9th Cir. 1986). Review of state court decisions can only be secured in the United States Supreme Court. See Feldman, 460 U.S. at 482; McNair, 805 F.2d at 890. Furthermore, a district court may not exercise jurisdiction over constitutional claims that are "inextricably intertwined" with claims decided in state court proceedings. See Feldman, 460 U.S. at 482 n.16; McNair, 805 F.2d at 892. A federal claim that was or could have been raised in a state court action is inextricably intertwined with a state court

judgment if:

> the federal claim succeeds only to the extent that the state court wrongly decided the issues before it. Where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of a state-court judgment.

Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 25 (1987) (Marshall, J. concurring).

This doctrine is inapplicable here. Defendant has failed to provide sufficient evidence establishing that the state court's judgment was final or that the state court claim is inextricably intertwined with the present claim. Specifically, the only piece of evidence Defendant provides in support of this argument is an order from the state court which, on its face, does not constitute a final judgment between current Plaintiffs and Defendant. (See Def.'s Mot. to Dis., Exh. 1.) Furthermore, the order fails to identify even a single issue raised by current Plaintiffs against Defendant that is supposedly inextricably intertwined with the present federal action. Accordingly, Defendant's Rooker-Feldman argument fails.

**2. Res Judicata**

Under the doctrine of res judicata, a final judgment on the merits bars further claims by parties based on the same cause of action. See Brown v. Felsen, 442 U.S. 127, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979). Specifically, a federal action may be barred by the doctrine of res judicata where an earlier lawsuit: (1) involved the same claim as the present suit; (2) reached a final judgment on the merits; and (3) involved the same parties or their privies. See Blonder-Tongue Laboratories v. Univ. of Ill. Found., 402 U.S. 313, 323- 324, 91 S. Ct. 1434, 28 L.Ed.2d 788 (1971). Res judicata does not apply to the current action because, as stated *supra*, Defendant failed to provide evidence establishing that the state court reached a final judgment on the merits. Accordingly, the Court finds that both of Defendant's arguments for dismissal due to lack of subject matter jurisdiction fail.

**IV. Conclusion**

5

The Court finds that Plaintiffs' claim against Defendant Guglielmo and Associates survives dismissal.

**IT IS HEREBY ORDERED** that Defendant Guglielmo and Associates Motion to Dismiss (#7) is **DENIED**.

Dated this 16th day of June, 2011.

_____
Kent J. Dawson
United States District Judge